## JOHN SIPPLE *vs.* PHILIP BREEN.

In an action on the warranty of a horse, proof that the deft., pending the negociation, said to a third person, I will warrant the horse to be sound, will not sustain the action.

And such a warranty tho' made to an agent of both parties appointed to effect an exchange between them, will not support the action if the exchange be not made by the agent.

ASSUMPSIT on a warranty in the exchange of horses. Plea, non assumpsit. Issue.

The *narr* contained two counts; one on an *executed*, the other on an *executory* contract, but both on the warranty.

The proof was, that, on a conversation between the plff. and deft. about the exchange of horses, they agreed to refer it to one Cullen to name the terms. Cullen and Breen went out together to examine deft's. horse, when Breen said to Cullen, (Sipple not being present,) that the horse was only seven years old, and "he would warrant him as sound as a silver dollar." Cullen not liking the appearance of the horse, declined to name the terms of the exchange, and the parties afterwards agreed upon the terms themselves, without the agency of Cullen. The horse was at the time unsound and worthless, having been affected by a chest founder, which is a secret disease. He very shortly died.

*Bates* and *Frame* for deft. moved a nonsuit, on the ground that the proof of the warranty had failed. The suit was on the warranty, and not for deceit or fraud in misrepresenting the qualities or condition of the horse. The warranty must be proved to have entered into the contract, which it did not, as the expression relied on was made to a third person.

*Ridgely* and *Huffington contra*, contended that this third person was the agent of both parties, and that the exchange was finally made on the faith of the warranty made through him to the plff.

To this it was replied, that though Cullen was the agent of both parties at the time the expression was used, he ceased to be such; *that* warranty was never acted upon, nor is there any proof that it was communicated to the plff. And the special guaranty to Cullen should have been averred in the *narr*.

The motion prevailed. Judgment of nonsuit.